## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

HENKELS & McCOY GROUP, INC., and
HENKELS & McCOY, INC.,

                  Plaintiffs,

    v.

VERIZON SOURCING LLC,

                  Defendant.

Case No. 1:21-cv-09576-CM

## STIPULATION AND CONFIDENTIALITY ORDER

Plaintiffs Henkels & McCoy Group, Inc. and Henkels & McCoy, Inc. ("Plaintiffs") and Defendant Verizon Sourcing LLC ("Verizon"), agree that during the course of discovery in this action it may be necessary to disclose certain Confidential Information (including financial records, personal financial information, personal identifying information, social security numbers, confidential commercial information, proprietary information, and/or trade secrets) relating to the subject matter of the captioned action (the "Action"). The parties represent that they have no wish or intention to use such Confidential Information for any purpose other than the prosecution and defense of this litigation.

Therefore, pursuant to Federal Rule of Civil Procedure 26(c), the parties agree as follows, and the Court hereby **ORDERS:**

1.    **Definitions.** For purposes of this Stipulation and Protective Order, the following definitions shall apply:

      (a)   "Party" or "Parties" shall include all parties now named or hereafter joined as a plaintiff, defendant, or third-party defendant in this action, regardless of whether the party remains a plaintiff, defendant, or third-party defendant in the future, and shall include all officers and employees of every corporate party.

1

(b)     "Document" shall have the full meaning ascribed to it in Federal Rule of Civil Procedure 34.

(c)     "Furnish," "Produce," or "Production" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pretrial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

(d)     "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

(e)     "Confidential Information" shall mean the contents, in whole or in part, of any Document or transcript of testimony which shall have been designated in good faith by any party or non-party as "CONFIDENTIAL" because it contains and/or constitutes corporate financial records, personal financial information, personnel files, confidential commercial information, personal identifying information, social security numbers, technical information, research, sensitive business or proprietary information, and/or trade secrets, and shall include any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information.   Confidential Information shall not include any information or document(s) in the public domain.

2.     **Form and Timing of Designation.**  Designation of information as confidential shall be accomplished as follows:  With respect to Documents, any Document produced by any party may be marked, in whole or in part, with the legend "CONFIDENTIAL." With respect to deposition testimony, a party shall state, on the record, all testimony which the party intends to designate as "CONFIDENTIAL."  Counsel may, alternatively, designate within thirty (30) days after receipt of the transcript provided by the court reporter, a written list of those portions of the transcript which such party then deems "CONFIDENTIAL."  All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information during the thirty (30) day period after receipt of the transcript of said deposition if not already designated as such on the record.

2

3.    **Nondisclosure/Objection Preserved.**  Such Confidential Information shall be used solely for the purpose of the prosecution or defense of the litigation in the Action, and shall not be disclosed in any manner to any person except as provided in this Order.  By stipulating to this Order and agreeing to its terms, the Parties have not waived any objections to the admissibility of any document, testimony, or exhibit in the Action and have not waived any objections to any requested discovery that has been or may be served upon them.

4.    **Who May View Confidential Information.**  Documents produced or testimony given under the terms of this Order shall be retained in the office of counsel until required by the Court to be filed in the case, in which event the provisions of Paragraph 8 shall apply.  Counsel for the Parties shall be responsible for assuring that access to Confidential Information shall be permitted only to:

(a)    The attorneys and staff of any law firm acting as outside counsel for a party to this case, and those persons specifically engaged for the limited purpose of making photocopies of Documents or assisting in document management and/or coding;

(b)    The Court, ~~in camera~~, and _and Court personnel_ to court reporters, including deposition court reporters and videographers and their staff to whom disclosure is reasonably necessary for this litigation;

(c)    Any mediator and staff of any mediator appointed by the Court or jointly selected by the Parties;

(d)    The author or recipient of the Document (not including a person who received the Document in the course of the litigation);

(e)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(f)    Non-Parties upon the consent of the producing Party and on such conditions as the Parties may agree;

(g)    Actual or potential deposition or trial witnesses to the extent the Confidential Information is relevant to their testimony, subject to the terms of Paragraph 5, below;

3

(h)     Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of the Action and the matters identified in Paragraph 3 above, subject to the terms of Paragraph 5; and

(i)     Any in-house counsel for the Parties.

No party or party's counsel having access to any Confidential Information shall disclose in any manner its contents to any person other than those described in this Order. No such disclosure shall be made for any purpose other than those specified in this Order.

5.     **Control of Documents.** Counsel for the Parties shall be responsible for informing witnesses, as necessary, of the contents of this Order. Disclosure to any person specified in subparagraphs (c) and (h) of Paragraph 4 shall be permitted only after each such person signs the Agreement to Be Bound by Protective Order that is attached hereto as Exhibit A. Counsel disclosing Confidential Information to any such person shall be responsible for maintaining a file containing copies of the signed Agreements to Be Bound by Protective Order for all such persons to whom Confidential Information has been disclosed. Upon request, the file shall be made available to opposing counsel at the termination of the Action, or earlier by agreement of the Parties or by order of the Court for good cause shown. Outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of the Action who sign the Agreement to Be Bound by Protective Order, as provided above, may view and have possession of copies of Confidential Information in their own offices provided that they otherwise comply with the terms of this Order with respect to the use and protection of Confidential Information.

6.     **Customer or Borrower Information.** To the extent that a Party, including any non-party that produces documents in response to a discovery request, subpoena, or Court order in this action, produces account records of Defendants' customers, or any other nonpublic personal information of Defendants' customers, those records may be produced as "Confidential." Such

4

production is deemed by the Court to fall within the exceptions set forth in 15 U.S.C. § 6802(e)(2),

(3), and (8) of the Gramm-Leach-Bliley Act.

7.   **Procedure for Resolution of Disputes.**   Counsel desiring to make disclosure of

Confidential Information to any person other than those set forth herein shall make such a request

to the Party producing the Confidential Information, and the Parties shall attempt to agree on

whether such disclosure shall be made.  In the event the Parties cannot agree, the dispute may be

presented to the Court, *in camera*, and disclosure thereafter made upon such terms as the Court

may provide.

8.   **Filing of Confidential Information.**   In the event a Party seeks to file any

Document containing Confidential Information subject to protection under this Order with the

Court, that Party must take appropriate action to insure that the Document receives proper

protection from public disclosure, including: (a) filing a redacted Document with the consent of

the Party who designated the Document as CONFIDENTIAL; (b) where appropriate (e.g., in

relation to discovery and evidentiary motions), submitting the Document solely for *in camera*

review; or (c) when the preceding measures are inadequate, seeking permission to file the

Document under seal by filing a motion for leave to file under seal. If said motion is granted and

the requesting Party permitted to file the requested Documents under seal, only counsel of record

and unrepresented Parties will have access to the sealed Documents.

Nothing in this Order will be construed as a prior directive to allow any Document to be

filed under seal, and nothing in this Paragraph 8 shall deemed to be in conflict with the Court's

Addendum listed in Paragraph 20, which governs in the event of any actual or perceived conflict.

9.   **Court Proceedings.**  In the event that a party seeks to use Confidential Information

during any hearing or trial before the Court, including through argument or presentation of

evidence, such Documents and information shall not lose its status as Confidential Information through such use. Counsel for the Parties shall confer on such procedures that are necessary to protect the confidentiality of any Documents, information, and transcripts used in the course of any court proceedings.

10.   **Challenges to a Confidential Designation.** The designation of any material or Document as Confidential Information is subject to challenge by any Party. Before filing any motion or objection to a confidential designation, the objecting Party must meet and confer in good faith to resolve the objection informally without judicial intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the Party asserting confidentiality. Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

11.   **Production of Privileged Information.** If the disclosing Party produces privileged materials or materials prepared for or in anticipation of litigation other than Electronically Stored Information, it must notify the other Parties of such disclosure. After the other Parties are notified, they must return, sequester, or destroy all information and copies and may not use or disclose this information until the claim of privilege or work product is finally resolved (whether by the agreement of the Parties or by the Court). Additionally, counsel who receives materials that on their face appear to be subject to the attorney-client privilege, the work-product protection, or otherwise privileged, under circumstances where it is clear that they were not intended for the receiving attorney, should refrain from examining the materials, notify the sending lawyer and abide by the instructions of the lawyer who sent them. Nothing in this

6

provision shall modify the clawback provisions contained in the Stipulation Governing the Production of Electronically Stored Information ("ESI") entered into by the Parties, which shall govern the clawback procedures for ESI in this matter.

12.   **Failure to Designate.**   The failure to designate any Document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the failure.

13.   **Redaction.**   Nothing in this Stipulation and Order shall prevent any Party from redacting personal identifiers such as social security numbers from Documents prior to production based upon proper objections to the request for discovery of such information.

14.   **Modification/Additional Protection.**   The Parties may, by written agreement, waive any of the terms of this Order.  Nothing in this Order shall prevent a Party from seeking additional protection as to information deemed confidential.  After conferring with the appropriate Party, any Party may apply to the Court for a ruling that discovery material designated as Confidential Information is not in fact entitled to confidential treatment.

15.   **Public Documents Excluded.**   Nothing herein shall be deemed to restrict in any way a Party or its attorneys with respect to its own Documents or to prevent a Party from using or

disclosing information obtained from public Documents or other Documents legally and properly obtained other than pursuant to being furnished in the Action.

16.     **Productions by Non-Parties.**  The terms of this Order shall also apply to Non-Parties responding to valid subpoenas issued by the Parties, should such Non-Parties choose to designate any Documents or testimony as Confidential Information.

17.     **Obligations on Conclusion of Litigation.**  Confidential Information subject to this Order shall at all times be maintained in the utmost confidentiality by all persons and Parties having access to it.  On conclusion of the case, all Confidential Information in the possession or under the control of counsel, the Parties or their agents, consultants or experts along with all copies, excerpts or summaries therefrom shall be destroyed or returned to the producing or testifying person or Party.  The producing or testifying person or Party shall have the option to choose whether the Documents and information containing Confidential Information are returned to it or destroyed. If the Documents and information are destroyed, the person or Party destroying the Documents shall provide written certification to the producing or testifying person or Party that the Documents have been destroyed.

18.     **Agreement to be Bound.**  The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same penalties and sanctions as if this Order had been entered by the Court.

19.     **Procedure When Confidential Information Is Requested By a Third Party Subpoena.**  Any person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associates) who is not a Party to the Action, seeking production or other disclosure of another Party's Confidential Information, shall

promptly give telephonic notice and written notice by overnight delivery and/or email to counsel for the designating Party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (a) ten (10) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or court order.

20. **Addendum.** THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER.

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it

concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**SO ORDERED** this 25 day of May , 2022

for _____, Part 1
Hon. Colleen McMahon
United States District Judge

*This Order is not binding on the Court or Court personnel. The Court reserves the right to Amend it at any time.*

*so ordered.*

*5/25/22 U.S.D.J.*

10

**STIPULATED AND AGREED:**

Dated: May 24, 2022

**ZETLIN & DE CHIARA LLP**

Michael S. Zetlin
Jaimee L. Nardiello
801 Second Avenue, 16th Floor
New York, NY 10017
mzetlin@zdlaw.com
jnardiello@zdlaw.com
Phone: (212) 682-6800
Fax: (212) 682-6861

*Attorneys for Plaintiffs Henkels & McCoy*
*Group, Inc. and Henkels & McCoy, Inc.*

**McGuireWoods LLP**

Aleksandra Kaplun
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Phone: (212) 548-2100
Fax: (212) 548-2150
akaplun@mcguirewoods.com

Michael S. Dingman
Louise Zwicker
Keith Joseph Minson
1750 Tysons Boulevard, Suite 18000
Tysons, VA 22102-4215
(703) 712-5000
mdingman@mcguirewoods.com
lzwicker@mcguirewoods.com
kminson@mcguirewoods.com

*Attorneys for Defendant Verizon Sourcing*
*LLC*

11

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

HENKELS & McCOY GROUP, INC., and
HENKELS & McCOY, INC.,

                 Plaintiffs,

    v.

VERIZON SOURCING LLC,

                 Defendant.

Case No. 1:21-cv-09576-CM

### AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

(1)    I, _____ [print name], acknowledge that I have read and understand the Stipulation and Confidentiality Order ("Confidentiality Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone not qualified under this Confidentiality Order, that I will use such Confidential Discovery Material only for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

(2)    By acknowledging these obligations under the Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____
                                [Signature]

12