# ZETLIN & DE CHIARA
COUNSELORS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/2022

MEMO ENDORSED

OK
/s/ Colleen McMahon
10/17/2022

October 13, 2022

**Via ECF**

The Honorable Colleen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

*Re:*  **Henkels & McCoy Group, Inc., et. al v. Verizon Sourcing LLC**
**Case No.: 1:21-cv-09576**

Dear Judge McMahon:

Our office represents Plaintiffs, Henkels & McCoy Group, Inc., and Henkels and McCoy, Inc. (collectively referred to as "Plaintiffs" or "H&M"), in the above-referenced matter. We write pursuant to Rule V (B) of Your Honor's Individual Practices and Procedures, to request an order: (i) extending the discovery end date in this case by three (3) weeks from December 15, 2022 to January 6, 2023; (ii) directing Verizon to produce its privilege log and documents by Monday, October 17th; and (iii) to proceed with deposing H&M's witnesses during the week of October 24, 2022 so that we can achieve this discovery end date.

This is the second request for an extension. Previously the Court extended the discovery end date sixty (60) days from October 14, 2022 to December 15, 2022 on the joint request of the Parties. The Parties have participated in several telephone conferences to meet and confer, as set forth by FRCP 37(a)(1) and Local Civil Rule 37.2, with the most recent conference on October 12, 2022. The Parties are unable to resolve these disputes without court intervention.

### I.   Verizon's Delays to Meeting the Discovery Schedule

By way of brief background, on July 29, 2022, the Court issued an order setting the discovery cut off in this matter for December 15, 2022. To achieve that schedule, the Parties agreed to a series of milestone dates including those governing the production of documents, exchange of privilege logs, exchange of expert reports and the scheduling of fact and expert depositions. The Parties targeted May 4, 2022, to produce documents and October 28, 2022, for the completion of depositions.

Unfortunately, Verizon has inexcusably delayed for several months producing a legitimate privilege log and all of its non-privileged documents. The below timeline details H&M's arduous efforts to progress discovery without the need for court intervention:

The Honorable Colleen McMahon, U.S.D.J.
United States District Court - SDNY
October 13, 2022
Page 2

- On July 8, 2022, in connection with H&M's motion to compel Verizon's production of documents, Verizon represented to this Court that it had approximately 400,000 documents that hit on the search terms in this matter, approximately 171,000 of which were not privileged. (These 400,000 documents excluded documents from four custodian removed unilaterally by Verizon and the subject of the motion to compel). Exhibit A.

- Verizon represented that there were 68,147 documents, after de-duplication, that were responsive to these four custodians. Exhibit B. Therefore, as of July 8, 2022, Verizon claimed that 468,000 documents were responsive to the search terms.

- On July 15, 2022, Hon. Lehrburger issued an order directing Verizon to produce the documents of these four custodians. Exhibit C.

- As of August 3, 2022, Verizon produced 198,000 documents of the approximately 468,000 documents that hit on the agreed to search terms[1].

- Given Verizon withheld over 200,000 documents from its production based on privilege, it was critical for H&M to receive its privilege log to understand whether such an expansive claim of privilege was legitimate.

- On August 3, 2022, we requested Verizon provide us with a privilege log for its withheld documents. Exhibit D-1.

- On August 10, 2022, we followed up, again demanding a privilege log for the withheld documents. Exhibit D-2.

- On August 16, 2022, we proposed a mutual exchange of privilege logs. Exhibit D-3.

- On August 25, 2022, we proposed a mutual exchange of privilege logs to take place on August 31, 2022. Exhibit D-4.

- Verizon did not respond to this request; thus, we held a meet and confer on September 7, 2022. During that meet and confer counsel for Verizon indicated they were experiencing technical difficulties opening the privilege log and the Parties agreed to exchange privilege logs on Friday September 9th. Exhibit D-5.

- On September 9th, we followed up with Verizon confirming we would proceed with the mutual exchange of privilege logs as agreed. Counsel for Verizon responded that they were

---

[1] H&M has produced all of its documents to Verizon. The bulk of its documents were produced on or about July 13, 2022, July 19, 2022, and August 3, 2022 with minor supplemental productions on August 30, 2022, September 30, 2022 and October 4, 2022.

3105231.2

The Honorable Colleen McMahon, U.S.D.J.
United States District Court - SDNY
October 13, 2022
Page 3

still having technical difficulties opening the log and asked for the exchange to take place on Monday, September 12, 2022. We agreed. Exhibit D-6.

- On September 12, 2022, we contacted Verizon confirming the exchange of privilege logs would occur as agreed. Verizon responded that they were still not ready to provide us with their log. They also advised for the first time that they were removing documents they determined were not privileged. Verizon made no commitment on when they would produce the log. Exhibit D-7.

- On September 13, 2022, we contacted Verizon to stress that we need a date certain for the exchange of privilege logs. Exhibit D-8.

- On September 14, 2022, counsel for Verizon responded "we resolved the technical issue with the privilege log, but while we were doing a substantive quality check of the log, we found documents that we did not believe were privileged. As a result, we're taking a deeper dive to weed out non-privileged documents that may have been included and get them produced. This is taking a bit more time, but we are working as fast as we can to get this done and finalize the log." Exhibit D-9.

- On September 15, 2022, we responded that "we understand but need your complete log by tomorrow. Given that Verizon has withheld over 200,000 documents as privileged, we need time to review the log within the compressed discovery timeframe prior to any depositions taking place. Please confirm we can do a mutual exchange tomorrow." Exhibit D-10.

- On September 16, 2022, counsel for Verizon responded "I have not received word yet from the Verizon e-Discovery team on whether the privilege log will be complete today. I know they are working on it and I will let you know as soon as I hear back." Exhibit D-11.

- On September 16, 2022, we responded requesting a meet and confer for September 19th in the event we don't receive the log by then. Exhibit D-12.

- On September 19, 2022, we were advised by Verizon's counsel that she "received the updated privilege log and are doing a final review." Exhibit D-13.

- On September 19, 2022, the Parties exchanged privilege logs.

- Upon review of Verizon's privilege log two issues were glaring:

    - First, as noted above, counsel represented to this Court that of its initial 400,000 responsive documents identified, 171,000 were not privileged. It then identified another 68,000 responsive documents without identifying whether any of those responsive documents were privileged. Verizon's privilege log identified only

3105231.2

The Honorable Colleen McMahon, U.S.D.J.
United States District Court - SDNY
October 13, 2022
Page 4

>   108,000 documents as privileged. Therefore, Verizon total production should have equaled 360,000 documents. However, as of September 19th, approximately 160,000 documents were not produced and not contained on the log. ***Thus, there were approximately 160,000 documents unaccounted for from Verizon's production: they were not produced and not on the privilege log.***
> 
> - Second, Verizon claimed privilege to documents that were clearly not privileged. Our review of items 2-2,000 on the log revealed that every single entry was a communication with a third-party. ***Thus, Verizon's privilege log contained thousands of documents that were clearly not privileged as they were communications involving third-parties, including this office.*** Thus, on September 21, 2022, we raised these issues with Verizon. Exhibit D-14.

- The following day, Verizon responded "[a]s we previously explained, we identified and removed potentially non-privileged communications (and their attachments) from our original privilege log which contained 229,274 documents. The 120,677 documents that were removed are going through a review process—any non-privileged documents will be produced, and any privileged documents will be added back to the privilege log. We will also flag the additional third-party communications you identified on the log for removal and review. While communications with non-lawyers and documents prepared by non-lawyers can be protected under both the attorney-client and work product privileges, we will flag any emails (and their attachments) not involving Verizon legal or counsel for further privilege review." Exhibit D-15.

- On September 23, 2022, we responded requesting an updated privilege log and the balance of the documents that were improperly withheld to be produced at once because we were quickly approaching the time when depositions had to commence. We also advised Verizon that its privilege log was missing the basis of the privilege, which was agreed to by the parties as part of the ESI Stip. Exhibit D-16.

- Verizon did not respond, and we followed up on September 27, 2022. Exhibit D-17.

- Verizon did not respond, and we again followed up on September 28, 2022. Exhibit D-18.

- On October 3, 2022, Verizon advised that it processed a supplemental production of documents containing the majority of the documents previously withheld as privileged. This document production of 78,908 documents was made available to us on October 6, 2022. Exhibit D-19. (To date, Verizon has produced 276,990 documents.)

- On October 7, 2022, and again on October 10, 2022, we requested Verizon's updated privilege log reflecting the removal of the non-privileged documents. Exhibits D-20 and D-21.

The Honorable Colleen McMahon, U.S.D.J.
United States District Court - SDNY
October 13, 2022
Page 5

- On October 10, 2022, Verizon indicated that it was still working on its privilege log and that "we are down to 54,177 documents on our latest privilege log and are working to pare that down even further. Given the scope of documents we are working with we cannot guarantee a final completion date, but we hope to provide you with a final privilege log by end of day Wednesday October 12th" Exhibit D-21.

- On October 12, 2022, the Parties held a meet and confer where Verizon advised it would produce its privilege log that day and that it was making another production of documents. It would not commit to a date by which we would have those documents.

- Verizon did not produce its privilege log on October 12, 2022.

## II. Requested Relief

In light of the status of production to date, and to ensure that we can minimize the delay to the schedule and ensure that we avoid any further discovery delays, we respectfully request the Court enter an order granting the following relief:

I. Extending the discovery end date from December 15, 2022, for three (3) weeks to January 6, 2023; and
II. Compelling Defendant to produce its privilege log and the balance of its documents by Monday, October 17, 2022;
III. To ensure that H&M has time to review the documents produced on October 17th, directing Defendant to commence the depositions of H&M's witnesses during the week of October 24, 2022;
IV. For such other and further relief this Court deems just and proper.

We thank the Court for its attention to this matter. Should the Court have any questions, Plaintiffs are available to discuss this further at the Court's convenience.

Respectfully submitted,

ZETLIN & DE CHIARA LLP

By: /s/ Jaimee L. Nardiello
Jaimee L. Nardiello

3105231.2

The Honorable Colleen McMahon, U.S.D.J.
United States District Court - SDNY
October 13, 2022
Page 6


TO:

    *Counsel for Defendant (Via ECF)*

    Aleksandra Kaplun, Esq.
    **McGUIREWOODS LLP**
    1251 Ave. of the Americas, 20th Fl.
    New York, New York 10020-1104
    (212) 548-7015
    akaplun@mcguirewoods.com

        &
    Michael S. Dingman
    Louise Zwicker
    Keith Joseph Minson
    **McGUIREWOODS LLP**
    1750 Tysons Boulevard, Suite 18000
    Tysons, Virginia 22102-4215
    703-712-5462
    mdingman@mcguirewoods.com

3105231.2